## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MINNESOTA

| | |
|---|---|
| _____ ) | |
| North Oaks Financial Services, Inc., ) | |
| ) | Civil Action No. 23-CV-1986 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| iNOG, LLC ) | |
| d/b/a North Oaks Financial Group, ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| and ) | |
| ) | |
| Keith Berg, ) | |
| ) | |
| and ) | |
| ) | |
| Luke Schneider, ) | |
| Defendants. ) | |
| _____ ) | |

North Oaks Financial Services, Inc., for its complaint against iNOG, LLC, Keith Berg and Luke Schneider, states and alleges as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement, deceptive trade practices and unfair competition, and other relief arising under the statutory and common laws of the United States of America and the State of Minnesota, specifically 15 U.S.C. § 1051 *et seq.* (the "**Lanham Act**") and Minnesota's Deceptive Trade Practices Act (Minn. Sat. §325D.44).

2.      North Oaks Financial Services, Inc., (hereinafter "**Plaintiff**" or "**NOFS**"), brings this action to protect itself from Defendants Keith Berg, Luke Schneider and

iNOG, LLC (d/b/a North Oaks Financial Group) (hereinafter "**Defendant**" or "iNOG") (hereinafter collectively "**Defendants**") infringement of Plaintiff NOFS' trademark rights in the mark NORTH OAKS FINANCIAL SERIVICES and the mark NORTH OAKS FINANICAL SERVICES and DESIGN (collectively, "**NOFS' marks**"), each mark being used generally in the field of, *inter alia*, investment management, financial planning for retirement, and wealth management services. Upon information and belief, Defendants have and continue to engage in using the confusingly similar marks NORTH OAKS FINANCIAL GROUP and NORTH OAKS FINANCIAL GROUP and DESIGN to promote substantially similar, if not virtually identical, services. This practice infringes upon Plaintiff NOFS' trademark rights and constitutes trademark infringement, deceptive trade practices and unfair competition.

3.     This action seeks permanent injunctive relief and damages against Defendants' willful infringement of NOFS' federally and state protected rights in violation of the Lanham Act and the Minnesota Deceptive Trade Practices Act.

## THE PARTIES

4.     Plaintiff NOFS is a Minnesota corporation with its principal place of business located at 4524 Highway 61 North, White Bear Lake, Minnesota 55110. NOFS is generally engaged in providing, *inter alia,* investment management, financial planning for retirement, and wealth management services in interstate commerce.

5.     Upon information and belief, Defendant iNOG is a Minnesota Limited Liability Company with its registered office and principal place of business located

at 200 Village Center Drive, Suite 200, North Oaks, Minnesota, 55127, and is also engaged in providing, *inter alia,* investment management, financial planning for retirement, and wealth management services in interstate commerce, including the State of Minnesota.

6.      Upon information and belief, Defendant Berg is a natural person, residing in the State of Minnesota, who maintains both an ownership interest in, and is a decision-making leader or overseer of, Defendant iNOG.  Defendant Berg is a member of, and acting Manager of, Defendant iNOG.  Upon further information and belief, Defendant Berg was a moving, active and conscious force behind the tortious acts alleged herein.

7.      Upon information and belief, Defendant Schneider is a natural person, residing in the State of Minnesota, who maintains both an ownership interest in, and is a decision-making leader or overseer of, Defendant iNOG.  Defendant Schneider is a member of Defendant iNOG, and upon further information and belief, was a moving, active and conscious force behind the tortious acts alleged herein.

## JURISDICTION AND VENUE

8.      This civil action arises under the Acts of Congress relating to trademarks, namely, the Lanham Act, 15 U.S.C. § 1051 *ET. SEQ.*, and particularly 15 U.S.C. § 1125(a) as well as Minnesota's Deceptive Trade Practices Act (Minn. Sat. §325D.44).

9.      This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. § 1121.

10.     This court has personal jurisdiction over Defendant iNOG as it is a Minnesota Limited Liability Company, maintains a registered office in Minnesota, and upon information and belief each of its members resides in Minnesota.

11.     This court has personal jurisdiction over Defendants Berg and Schneider because each were active decision makers within iNOG, as well as moving, active, and conscious forces behind the tortious acts alleged herein, including such tortious acts occurring within the State of Minnesota.  Both Defendants Berg and Schneider maintain offices in Minnesota in connection with this matter, and upon information and belief are residents of Minnesota, thus purposefully availing themselves to this court's jurisdiction.

12.     Venue is proper in the District of Minnesota under 28 U.S. Code § 1391 because Plaintiff's claims arise in this jurisdiction, each party does business in this judicial district, and each of Defendants reside in this judicial district.

### BACKGROUND—NORTH OAKS FINANCIAL SERVICES

13.     Plaintiff NOFS incorporated in July, 2010, initially having a principal place of business located at 4 Bent Tree Lane, North Oaks, Minnesota, 55127.[1] That same month, NOFS began providing financial services including, but not limited to, financial planning in the fields of wealth management, retirement, investment consulting, and administration of retirement plans (hereinafter "**NOFS' services**").

---

[1] This address is, and remains at all relevant times,  NOFS' registered office address.

14.    Since its inception, NOFS has continually used in commerce the word mark NORTH OAKS FINANCIAL SERVICES in connection with NOFS' services.

15.     Since its inception, NOFS has continually used in commerce the composite mark NORTH OAKS FINANCIAL SERVICES and DESIGN, as depicted below, in connection with NOFS' services:



16.    NOFS has used its NOFS marks in its advertising and promotional materials for an extensive amount of time such that the NOFS marks have obtained secondary meaning and serve to identify NOFS as the source of the aforementioned services.

17.    For example, Plaintiff NOFS operates an internet website, which prominently features NOFS' marks, promoting NOFS' services, at the following URL: www.northoaksfs.com. Attached herewith as **Exhibit A** is a true and correct printout of NOFS' internet website as can be viewed at www.northoaksfs.com/p/our-services.

## BACKGROUND—iNOG, LLC d/b/a NORTH OAKS FINANCIAL GROUP

18.    Defendant iNOG came into existence in or about June, 2012, subsequent to NOFS' adoption of its NOFS marks, via Articles of Organization signed by, *inter alia*, Defendants Berg and Schneider.  Attached herewith as **Exhibit B** is a true and correct copy of the aforementioned Articles of Organization as maintained by the Minnesota Secretary of State.

19.    After iNOG came into existence, Defendants imitated, adopted and used confusingly similar marks, namely NORTH OAKS FINANCIAL GROUP and NORTH OAKS FINANCIAL GROUP and DESIGN (collectively, "**the imitation marks**").  Such imitation, adoption and use did not initiate until after Plaintiff's first use of its NOFS marks.

20.    Sometime after coming into existence, Defendants adopted and began calling itself and using the imitation mark NORTH OAKS FINANCIAL GROUP.  For example, on or about January 4, 2019, Defendant iNOG for the first time filed with the Minnesota Secretary of State the assumed name of "North Oaks Financial Group." Attached herewith as **Exhibit C** is a true and correct copy of that filing as maintained by the Minnesota Secretary of State.

21.    Sometime after coming into existence, Defendants adopted the following imitation composite mark of NORTH OAKS FINANCIAL GROUP and DESIGN:



22.    The goods and services promoted and offered by Defendants in connection with the imitation marks are identical or closely related to the goods and services offered by NOFS in connection with NOFS' marks.

23.    For example, upon information and belief, Defendant iNOG is the owner of, operates and/or is closely affiliated with an internet website having the domain name of northoaksfinancial.com. That website contains and prominently displays the aforementioned imitation marks and promotes, *inter alia*, financial planning and

wealth management. Attached herewith as **Exhibit D** are true and correct printouts of internet web pages located at the URL's of https://www.northoaksfinancial.com/services/wealth-management/ and https://www.northoaksfinancial.com/services/financial-planning/, each promoting Defendant iNOG's services both here in Minnesota and throughout the United States.

24.     Defendant iNOG did not register the domain name northoaksfinancial.com nor operate the aforementioned website until on or after January 28, 2020. Attached herewith as **Exhibit E** is a true and correct screenshot from whois.com showing registration information for northoaksfinancial.com.

25.     Defendants continue to use the aforementioned imitation marks in interstate commerce.

26.     Since well prior to Defendant iNOG's inception or any alleged dates of first use of the imitation marks or use of the domain name, NOFS has continually used its NOFS marks in interstate commerce.

27.     Since well prior to Defendant iNOG's inception or any alleged dates of first use of the imitation marks or use of the domain name, NOFS has continually used its NOFS marks in the State of Minnesota.

28.     Because NOFS has an earlier date of use within these jurisdictions, NOFS has priority of use within these jurisdictions.

29.     Plaintiff's use of its NOFS marks within the State of Minnesota preceded by years Defendant iNOG's inception, and later adoption of the imitation marks and

domain name.  Because NOFS has an earlier date of use within the State of Minnesota, NOFS has priority of use within the State of Minnesota.

30.    Defendants selected, adopted and used a confusingly similar domain name that confuses Defendant iNOG with Plaintiff NOFS.  Such imitation, adoption and use did not initiate until after Plaintiff's first use of its NOFS marks.

31.    Upon information and belief, at the time of Defendants' initially imitating, adopting and using the confusingly similar imitations marks, Defendants were aware of NOFS and its use of NOFS' marks in association with NOFS' services.

32.     Upon information and belief, at the time of Defendants' selection, adoption and use of the confusingly similar domain name, Defendants were aware of NOFS and its use of the NOFS marks in association with NOFS' services.

33.    Actual confusion within the marketplace exists and is ongoing as illustrated by the following non-exhaustive list of examples:

- In or about November, 2022, a client of NOFS mistakenly scheduled a trust signing with iNOG, the client believing to have scheduled the appointment with NOFS;

- In or about November 2022, a client of NOFS mistakenly went to the offices of iNOG for a meeting with NOFS;

- In or about January 2023, a client of iNOG mistakenly came to the offices of NOFS believing NOFS' offices to be that of iNOG;

- In or about March 2023, a client of iNOG mistakenly came to the offices of NOFS believing NOFS' offices to be that of iNOG;

- In or about April 2023, a client of NOFS mistakenly went to the offices of iNOG for a meeting with NOFS;

- In or about May 2022, a client of NOFS mistakenly went to the offices of iNOG for a meeting with NOFS; and

- Within the past two years, NOFS has fielded at least ten calls from individuals attempting to reach iNOG.

### COUNT I
### VIOLATION OF §43(a) OF THE LANHAM ACT
### (against iNOG)

34.     Plaintiff NOFS incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

35.     Count I arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

36.     For many years, NOFS has used the mark NORTH OAKS FINANCIAL SERVICES, as well as the composite mark shown below, in association with its services provided by and marketed in interstate commerce throughout the United States:



37.     NOFS has used the NOFS marks to distinguish NOFS' services from all other services of the same classes, and NOFS has acquired goodwill through the use of the aforementioned marks.

38.     The NOFS marks have acquired secondary meaning to the public indicating NOFS as the source of its services.

39.     Use of the NOFS marks by NOFS preceded by years Defendant iNOG's adoption of the imitation marks, as well as the domain name.

40.     Defendant iNOG's use of the imitation marks or the domain name constitute acts in violation of 15 U.S.C. §1125(a) in that such use is likely to cause confusion, cause mistake or deceive as to affiliation, connection or association of Defendant iNOG with Plaintiff NOFS.

41.     Defendant iNOG's use of the imitation marks and the domain name falsely attributes Plaintiff NOFS as the origin, sponsorship or approval of Defendant iNOG's products or services, and falsely represents that Defendant iNOG's products or services are provided by, marketed by, sponsored by, approved of or licensed by Plaintiff NOFS.

42.     As a proximate result of the Defendant iNOG's acts, Plaintiff NOFS has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

43.     Defendant iNOG's conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act (15 U.S.C. § 1125(a)).

44.     As Defendant iNOG has flagrantly disregarded the rights of Plaintiff NOFS, this is an exceptional case and NOFS is entitled to recover three times its damages plus reasonable attorney's fees pursuant to 15 U.S.C. §1117.

**COUNT II**
**DECEPTIVE TRADE PRACTICES UNDER MINNESOTA LAW**
**(against iNOG)**

45.    Plaintiff NOFS incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

46.    Count II arises under Minnesota Statute section 325D.44 of the Minnesota Uniform Deceptive Trade Practices Act.

47.    For many years, NOFS has used the mark NORTH OAKS FINANCIAL SERVICES, as well as the composite mark shown below, in association with its services provided by and marketed by NOFS within State of Minnesota:



48.    NOFS has used the NOFS marks to distinguish Plaintiff's services from all other similar services in the State of Minnesota, and Plaintiff has acquired substantial goodwill through the use of the aforementioned marks.

49.    Plaintiff's use of the NOFS marks has acquired secondary meaning with the pertinent public in Minnesota indicating Plaintiff as the source of its services.

50.    Plaintiff's use of the NOFS marks preceded by many years Defendants iNOG's adoption of the imitation marks and the domain name within the State of Minnesota.

51.    Defendant iNOG's use of the imitation marks and/or the domain name within the state of Minnesota constitute acts in violation of Minn. Stat. § 325D.44 in that

such use is likely to cause confusion, misunderstanding, cause mistake or deceive as to affiliation, connection or association of Defendant iNOG with Plaintiff NOFS.

52.     Defendant iNOG's use of the imitation marks and/or the domain name within the state of Minnesota constitutes acts in violation of Minn. Stat. § 325D.44 in that such use passes off goods or services of Defendant iNOG as those of Plaintiff NOFS.

53.     Defendant iNOG's use of the imitation marks and/or the domain name within the state of Minnesota falsely attributes Plaintiff as the origin, sponsorship or approval of the Defendant iNOG's products or services, and falsely represents that Defendant iNOG's services are provided by, marketed by, sponsored by, approved of or licensed by Plaintiff NOFS.

54.     As a proximate result of Defendant iNOG's acts, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

## COUNT III
## UNFAIR COMPETITION UNDER MINNESOTA COMMON LAW
## (against iNOG)

55.     Plaintiff NOFS incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

56.     The above acts by iNOG constitute unfair competition and unfair business practices under Minnesota common law.

57.     The conduct of Defendant iNOG alleged herein has damaged Plaintiff NOFS in an amount to be ascertained at trial, and will, unless permanently restrained and enjoined, further impair if not destroy the value of Plaintiff NOFS trademark, as well as Plaintiff's business reputation and goodwill, and Plaintiff has no adequate remedy at law.

58.     Plaintiff NOFS is entitled to monetary damages and injunctive relief prohibiting iNOG from using the imitation marks, the domain name and/or the URL in such a way that is likely to be confused with Plaintiff's use of its NOFS mark. Without permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill.  Plaintiff has been and will continue to be irreparably harmed.

59.     Plaintiff NOFS is entitled to recover all damages proximately caused by Defendant iNOG's willful unfair competition and unfair business practices.

<u>**COUNT IV**</u>
<u>**VIOLATION OF §43(a) OF THE LANHAM ACT**</u>
<u>**(against Berg)**</u>

60.     Plaintiff NOFS incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

61.     Count IV arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

62.     Upon information and belief, Defendant Berg knowingly, intentionally and deliberately authorized or directed Defendant iNOG to adopt and use, or

participated in Defendant iNOG adopting and using, the imitation marks and/or the domain name in order to cause confusion, mistake and to deceive.

63.     Plaintiff NOFS therefore alleges that the acts of Defendant Berg in his personal capacity of allowing Defendant iNOG to adopt the imitation marks and/or the domain name constitute trademark infringement which has been committed with the intent to cause confusion, mistake and to deceive.

64.     By reason of Defendant Berg's acts alleged herein, Plaintiff NOFS has or will suffer damage to its business, reputation and goodwill and the loss of sales and profits NOFS would have made but for Defendant Berg's acts.

**COUNT V**
**VIOLATION OF §43(a) OF THE LANHAM ACT**
**(against Schneider)**

65.     Plaintiff NOFS incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

66.     Count V arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

67.     Upon information and belief, Defendant Schneider knowingly, intentionally and deliberately authorized or directed Defendant iNOG to adopt and use, or participated in Defendant iNOG adopting and using, the imitation marks and/or the domain name to cause confusion, mistake and to deceive.

68.     Plaintiff NOFS therefore alleges that the acts of Defendant Schneider in his personal capacity of allowing Defendant iNOG to adopt the imitation marks and/or

the domain name constitute trademark infringement which has been committed with the intent to cause confusion, mistake and to deceive.

69.    By reason of Defendant Schneider's acts alleged herein, Plaintiff NOFS has or will suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff NOFS would have made but for Defendant Schneider's acts.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NOFS prays for the following relief:

(a)    that this Court grant an injunction pursuant to 15 U.S.C. § 1116, enjoining Defendant iNOG and his/her agents, managers, officers, directors, servants and employees from directly or indirectly using the imitation marks and/or the domain name, or any confusingly similar mark or domain name, in association with NOFS' services;

(b)    that this Court order pursuant to 15 U.S.C. § 1118, that all signs, labels, printouts, packages, samples, inventories, products, catalogs, price lists, wrappers, receptacles, and advertisements in the possession of Defendants which are the same or confusingly similar to Plaintiff NOFS' mark be delivered up to NOFS for destruction;

(c)    that this Court pursuant to 15 U.S.C. § 1117 order Defendants to account, both jointly and severally, to Plaintiff NOFS for any and all profits derived from the sale of goods or services, and for all damages sustained by Plaintiff NOFS by reason of trademark infringement

complained of herein;

(d)     that this Court pursuant to 15 U.S.C. § 1117 hold Defendants, both jointly and severally, liable to Plaintiff and award Plaintiff NOFS the amount of actual damages suffered by Plaintiff NOFS and that that amount be trebled;

(e)     that the costs of this action be awarded to Plaintiff NOFS in that this is an exceptional case and that Plaintiff NOFS be awarded its reasonable attorneys' fees;

(f)     that this Court grant an injunction pursuant to Minn. Stat. § 325D.45, subdivision 1, enjoining Defendant iNOG and his/her agents, managers, officers, directors, servants and employees from directly or indirectly using the imitation marks, the domain name or the URL within the state of Minnesota, or any confusingly similar mark, domain name or URL, in association with Plaintiff's services;

(g)     that this Court pursuant to Minn. Stat. § 325D.45, award Plaintiff the costs of this action and attorney's fees in that Defendants willfully engaged in the trade practice knowing it to be deceptive; and

(h)     that this Court award such other and further relief as shall be deemed just.

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff NOFS hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**North Oaks Financial Services, Inc.**

Dated:  June 28, 2023

By: <u>*s/Dustin R. DuFault/*</u>
Dustin R. DuFault (No. 302,776)
**DuFault Law Firm, P.C.**
PO Box 1219
Minnetonka, Minnesota 55345
Tel: (952) 935-4392
DDuFault@DuFault-Law.com

**ATTORNEY FOR PLAINTIFF**
*North Oaks Financial Services, Inc.*

- 17 -