UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

North Oaks Financial Services, Inc.,

    Plaintiff,

v.

iNOG, LLC, Keith Berg,
Luke Schneider,

    Defendants.

Case No. 23-cv-1986 (ECT/DJF)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule and limits shall govern these proceedings. This Order may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3 or sua sponte by the Court.

## **DISCOVERY DEADLINES**

Discovery must be completed according to the following deadlines:

1. Deadline for initial disclosures required by Fed. R. Civ. P. 26(a)(1): **December 1, 2023**.

2. Deadline for the exchange of documents identified in each party's Fed. R. Civ. P. 26(a)(1) initial disclosures: **December 15, 2023**.

3. Interim deadline for substantial completion of document production: **February 2, 2024**.

4. Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6): **March 15, 2024**. Any notice of 30(b)(6) deposition must be served at least **14** days before the scheduled deposition date.

5. Deadline for completion of all fact discovery: **May 3, 2024**. Parties must serve their discovery requests far enough in advance of this deadline to allow time to respond, as provided by the Federal Rules of Civil Procedure, on or before this date. Fact discovery will not be further extended because a party learns something new at a deposition taken late in

1

    the fact discovery period. Accordingly, counsel and the parties must take this into account when scheduling any fact depositions

6. Deadline to disclose the identity of initial experts: **April 16, 2024** (including any expert on which a party has the burden of persuasion <u>and</u> any other expert on which a party seeks to rely in its primary case, irrespective of burden).

7. Deadline for service of initial expert reports: **May 17, 2024**.

8. Deadline to disclose the identity of rebuttal experts: **May 3, 2024**.

9. Deadline for service of rebuttal expert reports: **July 12, 2024**. Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports.

10. Deadline for completion of all expert discovery, including depositions: **August 9, 2024**.

**<u>DISCOVERY LIMITS</u>**

1. Fact discovery shall be limited per side to:

   a. **25** interrogatories;

   b. **50** document requests;

   c. **35** requests for admissions;

   d. **8** fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions[1]);

2. Expert discovery shall be limited per side to:

   a. **3** plaintiff's experts under Fed. R. Civ. P. 26(a)(2)(B);

   b. **3** defense experts under Fed. R. Civ. P. 26(a)(2)(B);

   c. Each side may take one deposition per expert.

**<u>OTHER DISCOVERY ISSUES:</u>**

<u>Electronically Stored Information (ESI)</u>

The parties must meet and confer regarding ESI preservation and the scope and form of ESI discovery on or before **November 22, 2023** and present any disputes regarding ESI preservation or discovery to the Court on or before **December 6, 2023**. Parties are not required to

---

[1] An organizational-designee deposition shall count as one deposition, irrespective of the number of witnesses designated.

file any stipulation for an ESI protocol, but if the parties seek to file any such protocol for the Court's approval, they must also email a Word version of the protocol to Judge Foster's chambers.

### Attorney's Fees

The parties anticipate that a claim for attorney's fees will be litigated in this case. The parties have discussed the manner in which attorney fees will be documented and agree that attorney fees may be documented in block billing format provided the description adequately supports the time being billed.

### Protective Order:

The parties must jointly submit to the Court either a proposed protective order or a report identifying areas of disagreement on or before **December 1, 2023**. If the parties file a proposed protective order for the Court's approval, they must also email a Word version of the proposed order to Judge Foster's chambers. The parties' proposed Protective Order must not include language requiring the Court to return documents at the end of the case or requesting preemptive sealing based solely on a confidentiality designation. Requests to seal documents must comply with Local Rule 5.6 as set forth below.

### Claims of Privilege or Protection:

The parties have discussed claims of privilege or protection and will address these issues in the proposed protective order to be submitted on or before **December 1, 2023**.

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

## NON-DISPOSITIVE MOTION FILING DEADLINES

Non-dispositive motions, memoranda and supporting documents must be filed and served according to the following deadlines:

1.  Motions to join or add parties: **February 15, 2024**.
2.  Motions to amend the pleadings: **February 15, 2024**.
3.  Non-dispositive motions related to expert discovery: **August 16, 2024**
4.  All other non-dispositive motions: **May 10, 2024**.

## **NON-DISPOSITIVE MOTION GUIDELINES**

### Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before calling for a hearing date, filing any motion, or engaging in Informal Dispute Resolution (IDR). Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

### Informal Dispute Resolution

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process. IDR is only available when all parties with a stake in the disputed issue agree to use it. If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference. Each party will then submit a short letter setting forth the issue(s) to be resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR. Charts and bullet-point summaries of the issue(s) are encouraged. Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be

4

emailed to Chambers and all parties at least two (2) business days before the Zoom videoconference is scheduled to take place.

Given the absence of formal briefing, the lack of any transcript or recording of the telephone hearing, and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

Formal Non-Dispositive Motions

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules. The moving party must contact Chambers to schedule a hearing before filing the motion. When calling for a hearing date, counsel for the moving party must be prepared to provide a high-level overview of the dispute and describe prior communications with opposing counsel regarding IDR and the meet-and-confer process. Before scheduling a motions hearing the Court may, at its discretion, require the parties to participate in an informal conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

Pursuant to Local Rule 7.1(b), **a hearing date must be obtained before any non-dispositive motion is filed, even if the motion is unopposed, and even if the parties agree that no hearing is necessary**. If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing. The Court will determine whether to cancel the hearing after briefing is complete. Parties are advised not to notice additional

motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

**Do not send paper courtesy copies of filings to Chambers.** If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov. Parties should email courtesy copies of proposed orders in Word format to Chambers.

**If the dispute is related to written discovery or the contents of depositions**, the parties must jointly fill out a chart (see template below) that describes each disputed discovery request and response and each party's position and last offer of compromise. This chart must be in Word format and emailed to Chambers at Foster_Chambers@mnd.uscourts.gov at least three business days before the hearing. Failure to provide this chart to the Court may result in the cancellation of the hearing.

### Case Name and Number

To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Foster_Chambers@mnd.uscourts.gov.

| Discovery Request at issue (Verbatim) | Movant's Position | Respondent's Position | Movant's Last Offered Compromise | Respondent's Last Offered Compromise | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

**FILING DOCUMENTS UNDER SEAL**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing.

Unless the parties agree or the Court orders otherwise, the joint motion regarding continued sealing required under Local Rule 5.6(d)(2) should be filed by the party who filed the first document under temporary seal in connection with the underlying motion. The joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the Court's website at: https://www.mnd.uscourts.gov/forms/joint-motion-regarding-continued-sealing.

**DISPOSITIVE MOTION GUIDELINES AND DEADLINES**

All dispositive motions must be filed and served by the moving party on or before **September 13, 2024**. Counsel for the moving party should schedule the hearing shortly before filing their motion papers by calling the Courtroom Deputy for Judge Eric Tostrud at **651-848-1190**. The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostrud's chambers no later than the next business day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hole punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

**SETTLEMENT CONFERENCE**

The Court will schedule a settlement conference to take place in March, April or May 2024. Counsel are directed to meet and confer regarding potential dates for a settlement conference and then email Chambers regarding the same on or before **November 20, 2023**. A separate Order for Settlement Conference will be issued.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted to Chambers at Foster_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case shall be ready for a **jury** trial on **January 13, 2025.** The anticipated length of trial is **3** days.

Date: November 13, 2023                     *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge